CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 24 2019

JULIA C. DUDLEY, CLERK
BY: H(McDonagh
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| SAE HAN SHEET CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18cv00074 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMONWEALTH LAMINATING AND | ) | By: Hon. Jackson L. Kiser |
| COATING, INC., et al., | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant Eastman Performance Films' Motion to Dismiss.[1] [ECF No. 42.] The motion was submitted on brief without oral argument. I have reviewed the pleadings, arguments, and relevant law. For the reasons stated herein, I will grant the Motion to Dismiss and dismiss this case.

Plaintiff Sae Han Sheet Co., Ltd. ("Plaintiff") is a South Korean company engaged in international trade. Defendant Eastman Performance Films ("Eastman") is the ultimate successor to Commonwealth Laminating and Coating, a Virginia company which may have manufactured some or all the goods at issue in this case. The relevant factual allegations are relatively unchanged from my prior opinion. (See Mem. Op. pgs. 1–3, Apr. 11, 2019 [ECF No. 34].)

As relevant to the present motion, the Local Rules of this court provide for fourteen days for a response to any motion. See Local Civ. R. 14(c)(1). Moreover, the Pretrial Order issued in this case states:

---

[1] Although Eastman Performance Films was not technically a party to the cited motion to dismiss, it joined in that motion in its entirety. (See Mot. to Dismiss pg. 2, May 31, 2019 [ECF No. 45].) By agreement between the parties, the dismissed parties' Motion to Dismiss remained pending for Eastman Performance Films. (See Order ¶ 3, Sept. 10, 2019 [ECF No. 71].)

> Briefs in opposition must be filed within 14 days of the date of the service of the movant's brief (or within 14 days of this Order is a motion and brief have been served prior to this Order). **EXCEPT FOR GOOD CAUSE SHOWN, IF BRIEFS IN OPPOSITION TO THE MOTIONS ARE NOT FILED, IT WILL BE DEEMED THAT THE MOTION IS WELL TAKEN.**

(Order ¶ 4, Jan. 4, 2019 [ECF No. 24].) The quoted language from the Pretrial Order was also directly referenced in my prior opinion on a motion to dismiss. (Mem. Op. pg. 3 n.3, Apr. 11, 2019 [ECF No. 34].)

The present Motion to Dismiss[2] was filed on May 13, 2019 [ECF No. 42]; Plaintiff did not file a response in opposition until June 3 [ECF No. 48]. Plaintiff's response, therefore, was filed twenty-one days after the initial motion and in plain violation of the Local Rules and Pretrial Order. At no point did Plaintiff seek leave to file a late response and, to date, it has failed to offer any justification whatsoever for its late response.

A court has the authority to dismiss an action if a party violates the court's orders or local rules. See, e.g., C.H. v. Asheville City Bd. of Educ., No. 1:12-CV-000377, 2014 WL 1092290, at *1 (W.D.N.C. May 18, 2014). Ordinarily, I would not grant a motion to dismiss merely because a party responded seven days past the time set forth in the Local Rules and the Pretrial Order. In the present case, however, Plaintiff was served with the Pretrial Order and *expressly warned* in a prior opinion that late filings were not permitted without the express approval of the court. In contravention of that warning, Plaintiff *again* filed a late response to a Motion to Dismiss. When confronted with Defendant's response in which the timeliness issue was raised [see ECF No. 50], Plaintiff failed to seek leave of the court to accept its late response and failed to offer any justification for its improper filing.

---

[2] Although Eastman was not a party to that Motion, it filed its own Motion to Dismiss on May 31. [ECF No. 45.] By agreement of the parties, however, Eastman's Motion to Dismiss was supplanted by the previously filed Motion to Dismiss. Accordingly, and with the consent of Plaintiff, the earlier Motion to Dismiss is the operative one at this point.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). More than three months after the fact, Plaintiff has failed to file a motion asking the court to extend the time in which it was permitted to file its response, and it has failed to offer any justification to show that its neglect was excusable. Considering the totality of the circumstances and Plaintiff's failure to seek leave for its actions or offer any justification whatsoever, Defendant's Motion to Dismiss will be deemed well-taken, the Motion will be granted, and Plaintiff's complaint will be dismissed.

The clerk is directed to forward a copy of this Order to all counsel of record.

ENTERED this ___ day of September, 2019.

*Jackson L. Kiser*
SENIOR UNITED STATES DISTRICT JUDGE